Stacey F. Blank, Bar No. 174378
sblank@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East,
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Facsimile: 800.715.1330

Samlecia D. Gaye, Bar No. 296981
sgaye@littler.com
LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
Telephone: 415.433.1940
Facsimile: 415.399.8490

Attorneys For Defendants
FRONTIER COMMUNICATIONS
PARENT, INC. and CITIZENS
TELECOM SERVICES COMPANY
L.L.C.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MARTINEAU, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>CITIZENS TELECOM SERVICES COMPANY LLC, a Delaware Limited Liability Company; FRONTIER COMMUNICATIONS PARENT, INC., a Delaware Corporation; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-00383<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1441**<br><br>Trial Date:        None Set<br>Complaint Filed:   November 18, 2024 |

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                    CASE NO. 8:25-cv-00383

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Frontier Communications Parent, Inc. ("Frontier") and Citizens Telecom Services Company, L.L.C. ("CTSC") (hereinafter "Defendants") remove to this Court the state court action from the Superior Court of the State of California in and for the County of Los Angeles. Removal jurisdiction is proper in this Court pursuant to 28 U.S.C sections 1332 and 1441(b) based on diversity of citizenship between the parties.

In support of its Notice of Removal of Civil Action, Defendants allege:

1.      On November 18, 2024, Plaintiff Paul Martineau ("Plaintiff") filed his Complaint alleging six causes of action brought under California state law: (1) Disability discrimination in violation of California's Fair Employment & Housing Act (the "FEHA"); (2) Failure to accommodate in violation of FEHA; (3) Failure to engage in the interactive process in violation of FEHA; (4) Failure to prevent and/or remedy discrimination and retaliation in violation of FEHA; (5) Retaliation in violation of FEHA; and (6) Wrongful termination in violation of public policy.

2.      In addition to the named Defendants, Plaintiff named Prudential Insurance Company of America ("Prudential") as a defendant and fictitious defendants DOES 1-10. Prudential consents to Defendants' Notice of Removal. Declaration of Stacey Blank ("Blank Decl."), ¶ 12.

**I.    STATEMENT OF JURISDICTION**

3.      This Court has original jurisdiction over this civil action under 28 U.S.C. section 1332(a) and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because Plaintiff Paul Martineau ("Plaintiff") is a citizen of the State of California, Defendant CTSC is a Delaware limited liability company with its principal place of business in the State of Connecticut, and none of the members of CTSC are residents of the State of California. Further, Defendant Frontier is incorporated in Delaware and has its

LITTLER MENDELSON,
P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                    CASE NO. 8:25-cv-00383

principal place of business in Dallas, Texas. Additionally, Defendant Prudential is incorporated in and has its principal place of business in New Jersey. The amount in controversy in this action exceeds $75,000.

## II.     VENUE

4.     This action was filed in the Superior Court of the State of California for the County of Los Angeles. Accordingly, venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(c), 1391, 1441 and 1446.

## III.     PROCEDURAL HISTORY

5.     On November 18, 2024, Plaintiff commenced this action by filing a Complaint for Damages in the Superior Court of the State of California, in and for the County of Los Angeles ("Complaint"). Plaintiff's Complaint alleged the following causes of action: (1) Disability discrimination in violation of California's Fair Employment & Housing Act (the "FEHA"); (2) Failure to accommodate in violation of FEHA; (3) Failure to engage in the interactive process in violation of FEHA; (4) Failure to prevent and/or remedy discrimination and retaliation in violation of FEHA; (5) Retaliation in violation of FEHA; and (6) Wrongful termination in violation of public policy.

6.     On January 10, 2025, Plaintiff served Defendants' authorized representative via Notice & Acknowledgment with documents, which included the Summons and Complaint. ¶ 5, Exs. C - D.

7.     On January 27, 2025, Defendants' authorized representative executed Notices and Acknowledgements of Receipt of the Summons and Complaint for Frontier and CTSC, respectively, thereby accepting service of process. *Id.* at ¶ 7, Ex. L. On or around January 27, 2025, Plaintiff filed a Status Report ahead of the Order to Show Cause Hearing, which updated the Court on Defendants' January 30, 2025 deadline to sign and return the two served Notices & Acknowledgments. *Id.* at ¶ 8, Ex. M.

LITTLER MENDELSON,
P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

CASE NO. 8:25-cv-00383

8.    On February 25, 2025, Defendants filed their Answer to Plaintiff's Complaint in the Superior Court of California, County of Los Angeles. *Id.* at ¶ 9, Ex. N. To date, Defendants are unaware of any other parties, aside from Prudential, who have been named or validly served with the Summons and Complaint in this action. *Id.* at ¶ 10.

## IV.    TIMELINESS OF REMOVAL

9.    This Notice of Removal is timely as it is being filed with this Court and served within thirty (30) days after the date when Defendants were deemed served with the Summons and Complaint. This Notice of Removal is also timely because it is based on diversity jurisdiction and filed within one year of the date the action was originally filed on November 18, 2024.

## V.    DIVERSITY JURISDICTION

10.    The diversity of citizenship statute, 28 U.S.C. section 1332(a), provides in relevant part:

> i.    The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States. . . .

### a.  <u>Diversity of Citizenship</u>

11.    <u>Plaintiff is a citizen of California:</u> For diversity purposes, a person is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); s*ee Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court

4

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                    CASE NO. 8:25-cv-00383

complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). Plaintiff alleges that he is "a resident of the State of California, County of Orange." *See* Blank Decl., Ex. C, ¶ 1. Plaintiff, therefore, is a citizen of the State of California.

12. <u>Frontier Communications Parent, Inc. ("Frontier") is a citizen of Delaware and Texas:</u> For purposes of determining citizenship of a corporation, a corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As the Supreme Court has recently held, a corporation's principal place of business is where "the corporation's high-level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . . the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (internal citations omitted). Here, Frontier at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware. Declaration of Meyer Decl., ¶ 5. Further, Frontier's principal place of business is located at 1919 McKinney Avenue in Dallas, Texas. *Id.* Frontier's officers work and direct the operations of Frontier from the corporate headquarters located in Dallas, Texas. *Id.* Accordingly, for purposes of jurisdiction under 28 U.S. Code § 1332(a), Frontier is a citizen of Delaware and Texas, but is not a citizen of the State of California.

13. <u>CTSC is a citizen of Delaware and Connecticut:</u> In the case of a limited liability company or partnership, the court should consider the citizenship of each member or owner of the company. *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.").

14. CTSC is a Delaware limited liability company, and its principal place

LITTLER MENDELSON,
P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                                    CASE NO. 8:25-cv-00383

of business is located at 2 Washington Street, Norwalk, Connecticut. Meyer Decl., ¶ 2. Citizens NEWTEL LLC ("NEWTEL") is the direct parent and sole member of CTSC. *Id.* NEWTEL is a wholly-owned subsidiary of Frontier, which is a citizen of Delaware and Texas. *Id.* at ¶¶ 2, 5. Accordingly, CTSC is not a citizen of California.

15.    <u>Prudential is a citizen of New Jersey.</u> Plaintiff alleges that Prudential is incorporated and has its principal place of business in Newark, New Jersey. Blank Decl., Ex. C, ¶ 4. Accordingly, for purposes of jurisdiction under 28 U.S. Code § 1332(a), Prudential is a citizen of New Jersey, but is not a citizen of the State of California.

16.    <u>Citizenship of the Doe Defendants should be disregarded.</u> Plaintiff's Complaint also names as defendants "DOES 1 - 10." Pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. Further, to Defendants' knowledge, no fictitious defendant has been served; thus, none need join in the Notice of Removal.

17.    Therefore, there is complete diversity between the parties who have been properly joined and served for purposes of removal. *See* 28 U.S.C. §1441(b).

**b. <u>Amount in Controversy.</u>**

18.    This Court has jurisdiction because, in addition to the prerequisite of diversity between the parties, the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A defendant's notice of removal must include only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549 (2014). Supporting evidence is only required if the plaintiff contests or the court questions the allegations supporting the removal. *Id.* at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 553.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

CASE NO. 8:25-cv-00383

19.   In measuring the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what Defendants will actually owe if Plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F.Supp.25 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.").

20.   Further, as one district court recently held, "[u]nder this standard, 'the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (citations omitted).

21.   Plaintiff seeks in his Complaint: economic damages, non-economic damages, statutory penalties, punitive damages, and attorney's fees. *See* Blank Decl., Ex. C, Prayer. The total amount of damages Plaintiff seeks, and the total amount implicated by these forms of relief clearly exceed the sum of $75,000, exclusive of interests and costs.

### i.   Plaintiff Seeks Economic Damages in the Form of Lost Wages and Benefits.

22.   Plaintiff is seeking alleged lost salary and benefits. *See* Blank Decl., Ex. C, ¶¶ 31, 48, 59, 68, 79. Specifically, Plaintiff claims that he has "suffered and continues to suffer substantial losses in earnings, and other employment and retirement benefits . . . all to his damage in an amount according to proof." *Id.*

23.   Plaintiff alleges that Defendants hired him as a Senior Account Executive. Blank Decl., Ex. C, ¶ 9. Plaintiff was a salaried employee. *See* Declaration of Jaclynn Unangst ("Unangst Decl."), ¶ 3. At the end of Plaintiff's

7

LITTLER MENDELSON,
P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                          CASE NO. 8:25-cv-00383

employment, on August 30, 2024, Plaintiff earned $116,150.00 annually / $2,233.65 per week. *Id*. at ¶ 4. Accordingly, if Plaintiff were to prevail on his claims, he could be entitled to lost earnings (*e.g.*, back pay) of approximately $22,336.50 from August 30, 2024 through the filing of his instant Complaint on November 18, 2024 (approximately 10 weeks) – with that amount growing as this case progresses.

24.    If Plaintiff prevails on these claims, he may recover the amount he would have earned up through the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instruction ("CACI") 3903P (2024); *Wise v. S. Pac. Co.*, 1 Cal. 3d 600, 607 (1970). Assuming a case disposition timeline of 12 months from the date of removal, Plaintiff's past wage loss claim from his employment termination through a potential trial 12 months from removal would amount to **$116,150.00** ($2,233.65 x 52 weeks).

25.    In addition, Plaintiff's lost earnings allegations do not contain a limit in their temporal scope. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years). The guiding principle is the time the Plaintiff was reasonably certain to have continued employment with Defendants. CACI 3903P. Front pay is a temporary and transitional remedy measured by the employee's protected earnings until he is likely to be reemployed. *Contract Damages*, Cal. Prac. Guide Employment Litigation Ch. 17-B. "The U.S. Supreme Court has cited with apparent approval lower court cases upholding front pay awards 'equal to the estimated present value of lost earnings that are reasonably likely to occur between the date of the judgment and the time when the employee can assume his new position.'" *Id.* (quoting *Pollard v. E.I. du Pont de Nours & Co.*, 532 U.S. 843, 850 (2001)).

26.    Conservatively estimating that Plaintiff would only have remained employed through a period one-year post trial, the front pay calculation adds an

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

8

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                    CASE NO. 8:25-cv-00383

additional **$116,150.00** ($2,233.65 x 52 weeks) to the amount in controversy.

27.    Plaintiff's back and/or front pay awards alone satisfy the amount in controversy requirement.

### ii.    Plaintiff Also Seeks Emotional Distress Damages, Awards of Which Are Often Significant in Employment Cases.

28.    Plaintiff also seeks emotional distress damages, further augmenting the foregoing amounts and demonstrating that the jurisdictional prerequisite for removal of this action is met. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal).

29.    Plaintiff claims to have suffered "emotional distress, mental anguish, embarrassment, humiliation, and anxiety." *See* Blank Decl., Ex. C, ¶ 88. If Plaintiff were to prevail in this action, it is reasonably likely that that he would receive a non-nominal sum for these claims. Emotional distress damages may be considered in calculating the amount in controversy even if not clearly pleaded in the complaint. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995).

30.    In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the plaintiff identified in interrogatory responses emotional distress as a category of damages she sought but did not furnish the amount of such damages. The Ninth Circuit held that the district court properly considered the interrogatory responses along with emotional distress damages awarded in similar cases in determining the amount in controversy. In upholding the lower court's finding that the amount in controversy had been established, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to his claim," thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Although Defendants  dispute that Plaintiff  is entitled to any such  award, based on

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

*Kroske*, Plaintiff's allegations place in controversy at least **$25,000** in emotional distress damages alone.

### iii. Plaintiff Also Seeks Punitive Damages, Which If Awarded, Would Likely Exceed the Amount In Controversy.

31.    Plaintiff also seeks punitive damages from Defendants. Blank Decl., Ex. C, ¶¶ 32, 49, 60, 69, 80, 90. Courts may consider punitive damages when determining whether the Complaint meets the amount in controversy requirement. *Faulkner v. Astro-Med, Inc.*, Case No. C-99-2562, 1999 WL 820198, *5 (N.D. Cal. Oct. 4, 1999) (punitive damages should be considered when determining the amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (same).

32.    The potential punitive damage award alone against Defendants may satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of defendant's misdeeds, the ratio between compensatory and punitive damages and ratio between damages and defendant's net worth. *Boyle v. Lorimar Productions, Inc.,* 13 F.3d 1357 (9th Cir. 1994).

33.    Numerous court decisions and jury verdicts in state and federal courts located within the Ninth Circuit demonstrate that compensatory and punitive damages well in excess of $75,000 have been awarded to individual plaintiffs where, as here, Plaintiff has alleged claims for discrimination. For example, in *Martin v. Arrow Electronics*, Case No. SACV041134, 2006 WL 8440729, *1 (C.D. Cal. Sept. 5, 2006), the plaintiff was awarded in excess of one million dollars for allegations of, among others, discrimination.

34.    In *Aucina v. Amoco Oil Co.,* the defendant-employer established that the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. *Aucina,* 871 F. Supp. 332, 333 (S.D. Iowa 1994). The court noted that

LITTLER MENDELSON,
P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

CASE NO. 8:25-cv-00383

"[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.*, 871 F. Supp. at 334. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail and establish the requisite state of mind, the punitive damages alone could easily exceed the jurisdictional minimum.

### iv.  Plaintiff Also Seeks Attorneys' Fees, Which Could Exceed the Value of His Other Claims.

35.    In addition, in determining whether the amount in controversy exceeds $75,000, the Court is permitted to estimate the amount of reasonable attorneys' fees that Plaintiff will incur through trial if he were to prevail on his claims. *See Brady v. Mercedes-Benz USA, Inc*., 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). The Ninth Circuit has held that "the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). This amount includes attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute).

36.    In considering the amount in controversy, the Court may consider the amount of attorneys' fees that will accrue until the entire matter is resolved. *See, e.g., Simmons v. PCR Technology,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that attorneys' fees in individual employment cases often exceed damages). Cases involving the types of claims that Plaintiff has alleged in his Complaint require at least $75,000 in attorneys' fees to proceed through discovery and to trial during an approximate one-year period. *Galt G/S,* 142 F.3d at 1156f ("When an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy.").

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

11

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                                    CASE NO. 8:25-cv-00383

37.     Here, Plaintiff seeks attorneys' fees under the FEHA, which contains a prevailing party attorneys' fees provision. As courts have stressed, litigating employment cases "will undoubtedly require substantial effort from counsel" and "attorneys' fees in individual discrimination cases often exceed the damages." *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Reasonable attorneys' fees for a successful employment case through trial could not possibly be less than $75,000. *See id.* (attorneys' fees "necessarily accrue until the action is resolved").

38.     Furthermore, even at an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time to incur $75,000 in reasonable attorney's fees (250 x $300 = $75,000). In fact, litigating a single-plaintiff lawsuit alleging claims of discrimination and failure to accommodate through trial realistically requires substantially more than 250 hours of attorney time.

39.     Accordingly, the claims of Plaintiff present a controversy greater than $75,000 because he seeks lost wages, damages for emotional distress that Plaintiff alleges he has suffered and will continue to suffer, punitive damages, and reasonable attorneys' fees and costs that will exceed at least $75,000, in the event Plaintiff prevails.

40.     Thus, based on the nature of Plaintiff's allegations, the extent and number of claims asserted, and the relief sought by Plaintiff in the Complaint—including past and future lost employment wages and benefits, emotional distress damages, punitive damages, and attorneys' fees—it is apparent that the amount in controversy well exceeds $75,000. *See, e.g.*, *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (affirmed district court determination that it was facially apparent that the jurisdictional amount was satisfied based on a request for compensatory damages, punitive damages, and attorneys' fees).

41.     As such, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                                    CASE NO. 8:25-cv-00383

because this is a civil action between citizens of different states. Therefore, the United States District Court for the Central District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. § 1441(b).

## VI.    NOTICE OF REMOVAL

42.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VII.    CONCLUSION

Defendants pray that the above action now pending against Defendants in the Superior Court of the State of California, in and for the County of Los Angeles, be removed therefrom to this United States District Court for the Central District of California.

Dated:  February 26, 2025

LITTLER MENDELSON, P.C.

/s/ Stacey F. Blank
Stacey F. Blank
Samlecia D. Gaye

Attorneys For Defendants
FRONTIER COMMUNICATIONS
PARENT, INC. and CITIZENS
TELECOM SERVICES COMPANY
L.L.C.

4911-6479-1827.7 / 107481.1221

LITTLER MENDELSON,
P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
949.705.3000

13

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

CASE NO. 8:25-cv-00383